## Case No. 13,739.

### In re TALLMAN.

[2 Ben. 348; 1 N. B. R. 462 (Quarto, 122); 1 Am. Law T. Rep. Bankr. 122.] [1]

District Court, S. D. New York. April, 1868.

BANKRUPTCY—FRAUDULENT DEBT—DISCHARGE.

Where, in bankruptcy proceedings before the register, one of the creditors offered evidence to show that his debt was fraudulently contracted by the bankrupt, *held*, that the evidence was immaterial.

[Cited in Re Rosenfield, Case No. 12,058; Re Wright, Id. 18,065.]

[In the matter of Darius Tallman, a bankrupt.]

[Counsel for Joseph Hacker, one of the creditors, proposes to introduce witnesses to prove the nature of the transaction out of which his debt arose, and that the debt was contracted by fraud, for the purpose of showing that this debt cannot be discharged under these proceedings. James M. Smith, Attorney for Joseph Hacker. April 1, 1868.

[It is conceded that the debt referred to, and the fraud alleged by the creditor, was so contracted, and that the alleged fraud took place in the year 1864, and that the debt is in judgment. Warren G. Brown, Attorney for Bankrupt. James M. Smith, Attorney for Creditor. April 1, 1868.] [2]

[See Case No. 13,740.]

## Case No. 13,740.

### In re TALLMAN.

[2 Ben. 404; [1] 1 N. B. R. 540 (Quarto, 145).]

District Court, S. D. New York. May, 1868.

BANKRUPTCY—DISCHARGE—TIME TO FILE SPECIFICATIONS OF OBJECTION.

Where creditors were required to show cause on a certain day, why a bankrupt should not be discharged, and on that day creditors appeared, and the proceedings on the order were adjourned till a subsequent day: *Held*, that the ten days, within which specifications of objections to the discharge were to be filed, dated from the adjourned day.

[Cited in Re Seabury, Case No. 12,573.]

[In the matter of Darius Tallman, a bankrupt.]

By the Register:

[I, Isaac Dayton, register in bankruptcy to whom was referred the order to show cause why the said bankrupt should not be discharged as a bankrupt from his debts, do certify that by an order granted by me, the creditors of the said bankrupt were required to show cause before me why the bankrupt should not be discharged from his debts returnable before me on the 20th day of April, 1868. That on the last-named day Joseph Hacker, an opposing creditor of said bankrupt, duly entered his appearance as such opposing creditor, and the proceedings upon such order to show cause were thereupon adjourned to the 2d day of May, 1868, at 12 o'clock, the day being fixed two days beyond the time limited by the rule for filing objections to the discharge of the bankrupt. That on the 2d day of May, 1868, the said Joseph Hacker appeared by attorney and presented his objections in writing to the discharge of said bankrupt, and asked to have the same filed, to which the counsel for the said bankrupt objected on the ground that by the 24th rule they should have been filed within ten days after the day on which the creditors were required to show cause. The register sustained the objection and refused to file the paper and proceeded to take the last examination of the bankrupt. And this certificate is made for the purpose of obtaining the decision of the honorable district judge, whether the register ought to

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 122, contains only a partial report.]

[2] [From 1 N. B. R. 462 (Quarto, 122).]

[2] [From 1 N. B. R. 462 (Quarto, 122).]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

have filed the paper, or ought to have suspended proceedings upon the objections of the bankrupt for his discharge, to enable the creditor to apply to the court to be allowed to file his specifications of objections.

[By the 4th section of the statute [14 Stat. 519], the register has the power, and it is made his duty, to pass the last examination of the bankrupt in cases where the assignee or a creditor does not oppose. By the order of the court made in this bankruptcy on the 29th day of January, 1868, the register is directed to sit in chambers on the return of the order to show cause, and to pass the last examination of the ·bankrupt 'if there be no objection. The 24th general rule requires that the specifications of objections to the discharge of the bankrupt shall be filed within ten days after the day when the creditors are required to show cause. Such specifications not having been filed within the ten days thus limited, there was not any opposition to the discharge of the bankrupt, and by the statute and the order of the court it was the duty of the register to proceed to pass the last examination of the bankrupt, and in respect to the performance of this duty the register had· not any discretion.]²

[See Case No. 13,739.]

BLATCHFORD, District Judge. The register states that the proceedings upon the order to show cause, were, on the 20th day of April, 1868, adjourned to the 2d day of May. 1868. This being so, the case stood as if the 2d day of May was the day originally fixed for the creditor to show cause; and any creditor, entitled to show cause, could do so on the 2d day of May, and could file his specifications within ten·days after the 2d day of May. Therefore, the creditor, in this case, was entitled to file his specifications on the 2d day of May, and the register ought to have received them. By the terms of the adjournment, the register made the 2d day of May, within general order No. 24, the day when the creditors were required to show cause. If there had been no adjournment, the case would have been different.

---

TALLMAN (MASON v.). See Case No. 9,-254.

TALLMAN (UNITED STATES v.). See Case No. 16,429.

TALLY HO, The. See Case No. 16,803.

TALLY HO, The (O'CONNELL v.). See Case No. 10,418.

TALMADGE (MAURY v.). See Case No. 9,-315.

TALMAN (WEST v.) See Case No. 17,426.

TAMINEND, The (BERGEN v.). See Case No. 1,339.

² [From 1 N. B. R. 540 (Quarto, 145).]